UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY COOK, JR.,

     Plaintiff,

v.                                          No. 22-cv-10408-PBS

LYNN AND WILLIAM, INC.,

     Defendant.

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
(DKT. NO. 48)**

CABELL, U.S.M.J.

**I.   INTRODUCTION**

This case arises out of an injury the plaintiff, Timothy Cook,
Jr. ("plaintiff") suffered while engaged as the captain of the
defendant's vessel.  The plaintiff alleges that he fell onto a
fishhook while aboard the vessel, resulting in the loss of his
right eye.  The defendant contends that the plaintiff's use of
illegal drugs directly caused his injury.

In this motion, the defendant seeks a protective order
limiting the deposition of its principal, Bart McNeel.  The
defendant takes issue with the plaintiff's planned Rule 30(b)(6)
deposition of McNeel, both because it will likely be duplicative
of McNeel's personal deposition and unnecessarily burdensome and
because some of the noticed topics are improper.  The plaintiff

opposes the motion.  For the following reasons, the court grants the defendant's motion in part and denies it in part.

## II.  <u>RELEVANT BACKGROUND</u>

On March 16, 2023, the plaintiff noticed a deposition of McNeel in his personal capacity scheduled for March 24.  (Dkt. No. 48-1).  On March 20, the plaintiff noticed a deposition of the defendant's designee pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)").  (Dkt. No. 48-2).  This deposition was scheduled for March 29, 2023.  (*Id.*).  According to the defendant, McNeel is the only person who can testify on the defendant's behalf.  (Dkt. No. 48, p. 2).

On March 21, the day after the Rule 30(b)(6) deposition was noticed, defense counsel emailed plaintiff's counsel to inquire about rescheduling the depositions and moving them to Portland, Maine (i.e., closer to McNeel's residence).  (Dkt. No. 48-3).  The email explained that McNeel was "recovering from Covid, a car accident, [and] a recent stroke and [was] undergoing physical therapy."  (*Id.*).  In the ensuing days, the parties were unable to agree as to when McNeel's depositions would take place, whether there needed to be two separate depositions, and whether McNeel would testify to every topic noticed for the Rule 30(b)(6) deposition.  (Dkt. No. 48-4; Dkt. No. 48-5; Dkt. No. 56-1, ¶¶ 3-9).  March 24 passed without McNeel attending his personal deposition.  (Dkt. No. 56-1, ¶ 5).  On March 28, plaintiff's

counsel emailed defense counsel to confirm that the Rule 30(b)(6) deposition remained scheduled for the next day and that the plaintiff would seek relief from the court if McNeel did not attend. (Dkt. No. 48-4). Defense counsel notified plaintiff's counsel that McNeel would not appear the next day, citing McNeel's health concerns, the plaintiff's failure to provide certain discovery, and the plaintiff's insistence on conducting two separate, potentially day-long depositions. (Dkt. No. 48-5). The defendant filed its motion for a protective order the same day. (Dkt. No. 48).

## III. <u>DISCUSSION</u>

As many of the parties' arguments touch on the appropriateness of the noticed Rule 30(b)(6) deposition, it is instructive at the outset to note the purpose and limits of such depositions. Rule 30(b)(6) governs depositions of organizations. Under the rule, an organization named in a notice or subpoena "must designate one or more officers, directors, or managing agents, or designate other persons to testify on its behalf." Fed. R. Civ. P. 30(b)(6). This is so because "[o]bviously it is not literally possible to take the deposition of a corporation; instead . . . the information sought must be obtained from natural persons who can speak for the corporation." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2103 (3d ed. 1998) (April 2023 Update). "The persons designated must testify about

information known or reasonably available to the organization," Fed. R. Civ. P. 30(b)(6), even if that information lies "beyond matters personally known to th[ose] designee[s] or to matters in which the designee[s] w[ere] personally involved," *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005) (internal quotation marks omitted).  It is the named organization, and not the party noticing the deposition, that is responsible for choosing the designee(s).  *See Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (finding organization could not shift burden to party by asking party "whom *it* wished to testify on behalf of [organization] for Rule 30(b)(6) purposes") (emphasis in original).

Although a Rule 30(b)(6) deposition may fairly cover all relevant information available to an organization, it is not without its limits.  "A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."  *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, Civil Action Nos. 12-11935-PBS, 12-12326-PBS, 12-12330-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).  "Even under the present-day liberal discovery rules, the recipient of a Rule 30(b)(6) request is not required to have counsel marshal[] all of its factual proof and prepare a witness to be able to testify on a given defense or claim."  *Id.* (cleaned up).  Where a party seeks not only facts but an explanation of the

legal consequences of said facts, contention interrogatories are a better discovery vehicle than a Rule 30(b)(6) deposition. *Fid. Mgmt. & Rsch. Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011); *see also E.E.O.C. v. Tex. Roadhouse, Inc.*, Civil Action No. 11-11732-DJC, 2014 WL 4471521, at *3-*4 (D. Mass. Sept. 9, 2014) (finding Rule 30(b)(6) deposition on contested topics unnecessary where "[t]he information requested can be adequately provided by written discovery, interrogatories, and a deposition of the [plaintiff's] expert on damages"). In short, a Rule 30(b)(6) deposition is not a substitute for interrogatories or written discovery requests.

### A.   Propriety of Dual Depositions

The defendant argues that requiring McNeel to sit for two potentially seven-hour-long depositions would be excessive and unduly burdensome even without considering his medical condition, particularly since "McNeel was not present aboard the [v]essel at the time of the incident," and thus is not a percipient witness to the plaintiff's injury. (Dkt. No. 48, p. 3). The court agrees that, under the circumstances, McNeel's personal deposition likely will not require the full seven hours allotted by rule. *See* Fed. R. Civ. P. 30(d)(1). At the same time, though, the court notes that it is the defendant, not the plaintiff, who designated McNeel as its Rule 30(b)(6) deponent. *See Foster-Miller*, 210 F.3d at 17. This may have been a matter of necessity rather than deliberate

choice, but it was nonetheless the defendant's decision.   The plaintiff is entitled to depose both McNeel and the defendant.   He has no control over who testifies on the defendant's behalf.   It is hardly fair for the defendant to make McNeel its Rule 30(b)(6) designee and then claim that this designation places an undue burden on McNeel.   The court will not limit the depositions on this ground.

**B.   McNeel's Health Concerns**

Notwithstanding the above, the fact remains that McNeel has reportedly suffered a series of serious illnesses and injuries in the past few months.   The presumptive difficulties that these setbacks impose on McNeel are more compelling as the "good cause" required to justify a protective order.   *See* Fed. R. Civ. P. 26(c)(1).

The plaintiff takes issue with the defendant seeking a protective order on this basis because the defendant has not provided any evidence to prove that McNeel indeed experienced the claimed car accident, bout of Covid, and stroke or that these misfortunes will impair his ability to testify.   The court acknowledges the plaintiff's frustration but declines to make further inquiry of counsel here.   Defense counsel, like every lawyer, "is an officer of the court [and] has a duty of candor to the tribunal."   *Ark. Tchr. Ret. Sys. v. State St. Bank and Tr. Co.*, 512 F. Supp. 3d 196, 209 (D. Mass. 2020) (quoting *Pearson v.*

*First NH Mortg. Corp.*, 200 F.3d 30, 38 (1st Cir. 1999)) (internal quotation marks omitted and alteration in original); *see* Mass. R. Prof. C. 3.3(a)(1) "A lawyer may not make a false statement of fact or law to a tribunal."). That ongoing duty of candor, and more importantly an attorney's awareness of it, in turn gives rise to a presumption of trustworthines, and an attorney's representations are presumed to be truthful absent any indication that they are untrustworthy. In the absence of any such indication here, the court accepts counsel's representations regarding McNeel (just as it would tend to credit representations from plaintiff's counsel were the situation reversed). The court also presumes that counsel is familiar with the ongoing ethical obligation to correct any incorrect statements of material fact, Mass. R. Prof. C. 3.3(a)(1), and the consequences of failing to do so. *See* Mass. R. Prof. C. 8.4(a), 8.4(c).

The court finds that McNeel's medical difficulties, as described, constitute good cause for limiting the depositions. Accordingly, the plaintiff may depose McNeel for a total of eight hours, exclusive of any breaks. The deposition may be conducted in one day or over the course of two days, at McNeel's option. The plaintiff may choose how much time to apportion to McNeel's personal deposition and to the Rule 30(b)(6) deposition.

### C.   Plaintiff's Production of Documents

The defendant further argues that McNeel's deposition should not go forward until the plaintiff fully complies with this court's order compelling certain written discovery.  (Dkt. No. 58).  In resolving another motion, the court has since ordered that the plaintiff may not conduct any further depositions until it produces the compelled discovery.  (Dkt. No. 78).  This ruling applies with equal force to McNeel's deposition.

### D.   30(b)(6) Deposition Topics

Finally, the defendant objects to certain topics listed in the Rule 30(b)(6) deposition notice.  The plaintiff argues that each of the disputed topics is proper and that the defendant's objections are not made in good faith.

At the outset, the court notes that nearly all of the defendant's objections are generic, boilerplate objections.  *See* (Dkt. No. 48, pp. 7-8).  For example, the defendant asserts that several topics are "overly broad and unduly burdensome" without articulating why they are overly broad or what burden responding to them would impose.  *See* (*id.* at p. 8).  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999), quoted with approval by *HealthEdge Software, Inc. v. Sharp Health Plan*, Civil Action No. 19-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021);

*see Katz v. Shell Energy N. Am. (US), LP*, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) ("It is not enough to merely assert overbreadth, burden, or oppression; instead, the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive."). The court declines to consider these unsubstantiated objections. Instead, the court will consider the topics standing alone, only striking or limiting those that are facially improper.[1] *See* Fed. R. Civ. P. 26(b)(2)(C) (requiring court to limit discovery under certain conditions).

     a.   <u>Topic 1</u>

Topic 1 seeks testimony on "[t]he Defendant's Answers to Interrogatories Propounded by the Plaintiff dated November 17, 2023, [sic] including, without limitation, the source of the information contained within Defendant's answers and what steps were taken by the Defendant to acquire information requested by each interrogatory question."[2] As noted above, a Rule 30(b)(6) deposition is not an appropriate substitute for written discovery. It is not an opportunity for the plaintiff to seek assurances that the defendant diligently compiled its (presumably signed) answers to the plaintiff's interrogatories, especially since nothing in

---

[1] The defendant does not object to, and so the court will not consider, Topics 3, 5, 12, 13, and 14, (Dkt. No. 48, p. 6).

[2] This and all subsequent quoted language from the deposition topics comes from the Rule 30(b)(6) deposition notice, (Dkt. No. 48-2).

the record (apart from plaintiff's counsel's assertions in his affidavit) suggests that the defendant made a less than fulsome effort in formulating its answers.  The court will therefore strike this topic.

    b.  <u>Topics 2 and 4</u>

Topic 2 calls for testimony regarding "[a]ll communications between A) Steffen Hollis and B) the Defendant, including without limitation, the Defendant's officers, agents, employees, adjusters, and investigators[,] which occurred after the August 5, 2021 alleged incident."  Topic 4 is identical except that it regards communications between the defendant and Steffen Hollis's mother.  Nothing in the record before the court sheds any light on how Steffen Hollis or his mother relate to this case.  However, the court notes that the defendant does not object to Topics 3 and 5, which concern the defendant's payment of money to Hollis and his mother.  The defendant's objections do not explain how inquiries into communications between the defendant and the Hollises are irrelevant or improper when inquiries into payments between them are fair game.  *See Jagex Ltd. V. Impulse Software*, 273 F.R.D. 357, 358 (D. Mass. 2011) (citing *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988)) ("The burden of demonstrating good cause rests on the proponent of the protective order.").  The court presumes that, pursuant to these topics, the plaintiff will expect McNeel to be prepared to summarize and speak

on the circumstances surrounding certain communications rather than reciting the exact contents of the communications from memory. Subject to that presumption, and in the absence of a particularized objection, these topics appear reasonable and thus may be explored.

      c.   <u>Topics 6, 7 and 9</u>

Topic 6 seeks testimony on "[t]he information requested within <u>Plaintiff's Interrogatories to the Defendant</u> dated 9/7/2022." Topic 7 is similar: "The existence and present location of all documents requested with the attached <u>Plaintiff's Request for Production of Documents to the Defendant</u> dated 9/7/2022."[3] Topic 9 is the same as Topic 7 except that it only applies to "any documents which were requested . . . but which were not produced to Plaintiff for any reason."  Again, the purpose of a Rule 30(b)(6) deposition is not to confirm or test the written discovery that a party has already provided, and nothing in the record suggests that the defendant has concealed any documents from the plaintiff.  The court strikes these topics for substantially the same reason as Topic 1.  Nonetheless, to the extent that Topic 9 implies that the defendant did not confirm whether certain requested documents exist, the parties are reminded of their obligation to "state whether any responsive materials are being

---

[3] The version of the notice on the docket does not have the plaintiff's request for production of documents attached.

withheld on the basis of [an] objection." Fed. R. Civ. P.
34(b)(2)(C).

      d.  <u>Topic 8</u>

    Topic 8 regards "[t]he steps taken by the Defendant to
determine whether any of the documents described within the
attached <u>Plaintiff's Request for Production of Documents to the
Defendant</u> dated 9/7/2022 were within the Defendant's possession[,]
custody and/or control." This topic, like Topic 9, appears to
suggest that the defendant's response to the request for production
may have omitted some documents. Assuming this premise (without
making any finding), it would be reasonable for the defendant to
explain the steps it took to attempt to find documents that it
ultimately determined it did not possess so as to satisfy the
plaintiff that the defendant acted with reasonable diligence. It
is much less clear how this is relevant to documents that the
defendant admits are in its possession. Accordingly, the plaintiff
may inquire into, and McNeel should be prepared to testify about,
the steps the defendant took to try to find the requested documents
that the defendant ultimately determined it did not have.

      e.  <u>Topics 10 and 11</u>

    Topics 10 and 11 concern alleged communications about the
plaintiff between the defendant and defense counsel on the one
hand and the Essex County District Attorney's Office on the other
hand. The plaintiff is currently facing criminal drug charges in

Essex Superior Court arising from an incident separate from and predating the injury at issue in this case. (Dkt. No. 43, p. 2). Topic 10 specifically seeks testimony on "[a]ll written and/or verbal Communications between the Defendant, including its legal counsel, and the Essex County District attorney's office relating to Plaintiff Timothy Cook." Topic 11 seeks "[t]he precise words and if not known the substance of any written or verbal communications between the Defendant, including its legal counsel, and the Essex County District attorney's office relating to Plaintiff Timothy Cook." The defendant argues that it has had no improper communications with the Essex County District Attorney's Office and that any such communications would anyway be irrelevant. The plaintiff asserts that he has reason to believe such communications occurred and that he needs to know about them, "at a minimum, for the purpose of seeking a confidentiality order particularly with respect to medical records." (Dkt. No. 56, p. 9).

Since the defendant filed this motion, the court has issued a protective order prohibiting either party or its counsel from sharing the plaintiff's medical records with third parties, including the Essex County District Attorney's Office. (Dkt. No. 74). This order ought to resolve the plaintiff's concerns about the defendant sharing his information. Certainly, if the plaintiff has reason to believe that the defendant has violated the order

going forward, the plaintiff can raise that issue with the court. Apart from this concern about the defendant sharing the plaintiff's sensitive medical information, Topics 10 and 11 are facially irrelevant to the subject matter of this case, and so the court strikes them.

           f.   <u>Topics 15 and 16</u>

Topic 15 requests testimony on "[t]he factual basis for Defendant's claim that Plaintiff's injury was caused by his own negligence including without limitation specifically what act or omission Defendant claims was negligent or otherwise constituted fault, and how and why those negligent acts or fault caused the Plaintiff's injury." Topic 16 more broadly covers "[t]he factual basis of the affirmative defenses raised within Defendant's Answer."

"[A] Rule 30(b)(6) witness may not be expected to testify about the factual basis of legal theories." *Sec. and Exch. Comm'n v. Present*, Civil Action No. 14-14692-LTS, 2016 WL 10998439, at *2 (D. Mass. May 12, 2016) (citing *Cooper v. Charter Commc'ns, Inc.*, Civil Action No. 12-10530-MGM, 2016 WL 128099, at *2 (D. Mass. Jan. 12, 2016)); *see also Trs. of Bos. Univ., 2014 WL 5786492, at *4* ("A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."). A Rule 30(b)(6) designee, who (like McNeel) is typically not a lawyer, is not well-suited to answer

questions about the legal consequences of certain facts, such as explaining how they might demonstrate contributory negligence. *Fid. Mgmt. & Rsch. Co.*, 275 F.R.D. at 64.  Any such testimony also runs a substantial risk of disclosing protected attorney work product.  *Id.*  Other discovery vehicles, such as contention interrogatories or a deposition by written questions, avoid these difficulties.  *Id.* at 64-65.  For these reasons, the plaintiff may not pursue Topics 15 and 16 through an oral Rule 30(b)(6) deposition.

        g.   <u>Topic 17</u>

Finally, Topic 17 seeks testimony on "[a]ll communications between the Timothy Cook [sic] and the Defendant, including the Defendant's agents and employees, relating too [sic] the wooden decking on the main deck of the F/V Lynn & William immediately aft of the vessel's living quarters in the general vicinity of the winches and the ladder leading up to the Pilothouse deck."  As with Topics 2 and 4, the court presumes that McNeel will only have to summarize and discuss the context of certain communications. With that caveat, this topic is both relevant and reasonable and may be explored.

**IV.  <u>CONCLUSION</u>**

For the reasons stated above, the court GRANTS the motion in part and DENIES it in part.  The plaintiff may depose McNeel for no more than eight hours.  McNeel may choose to divide his

deposition into two sessions if he wishes.  The Rule 30(b)(6) portion of McNeel's deposition may cover noticed Topics 2, 3, 4, 5, 8, 12, 13, 14, and 17 subject to any limitations set out above.


So ordered.                          /s/ Donald L. Cabell
                                     DONALD L. CABELL, U.S.M.J.

DATED:  May 22, 2023